IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01848-NRN

A.A.L.,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff A.A.L.[1] was not disabled for purposes of the Social Security Act. AR[2] 32. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #12.

## Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a

---

[1] Pursuant to D.C.COLO.LAPR 5.2, "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. Dkts. ##10, and 10-1 through 10-7.

reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Background

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Plaintiff had the severe impairments of cervical, thoracic, and lumbar degenerative disc disease, lipoma at the left base of the neck, borderline intellectual functioning, and depressive disorder. AR 17–18. She deemed

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

Plaintiff's thyroid disorder, unspecified hand arthritis, alcohol use disorder, and history of methamphetamine abuse to be non-severe. AR 18. Finally, the ALJ found that Plaintiff's intermittent complaints of hallucinations were not sufficient to support a finding that Plaintiff suffers from psychosis or any schizophrenia spectrum disorder or, in the alternative, that any such disorder was non-severe.

The ALJ found at step three that Plaintiff does not have an impairment or combination of impairments that meets the severity of the listed impairments in the regulations. After making this finding, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 CFR 416.967(c) provided that: the claimant can occasionally lift and/or carry about 50 pounds; the claimant can frequently lift and/or carry about 20 pounds; the claimant can stand and/or walk for about 6 hours in an 8-hour workday; the claimant can sit for about 6 hours in an 8-hour workday; the claimant can never work on tall ladders, ropes, or scaffolds; the claimant can occasionally crawl and climb stairs and ramps; the claimant can frequently balance, stoop, kneel, and crouch; the claimant can frequently reach overhead with his left (non-dominant) upper extremity, but has no other manipulative limitations; the claimant must avoid work at unprotected heights; the claimant can understand, remember, and carry out simple, routine tasks that can be learned on the job by demonstration in about a one-month period, and can sustain concentration, persistence, or pace for those tasks over a typical workday and workweek; the claimant can tolerate occasional interactions with coworkers and supervisors; the claimant can tolerate occasional superficial interactions with the public; the claimant can make work decisions; the claimant can tolerate occasional routine type task changes; the claimant is able to travel; and the claimant is able to recognize and avoid workplace hazards.

AR 21–22.

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a cook helper, as that position is generally performed. AR 30. In the alternative, the ALJ found that there are other jobs that exist in significant numbers in the national

3

economy that Plaintiff can perform, including kitchen helper and hospital or industrial cleaner. AR 31–32. Accordingly, Plaintiff was deemed not to have been under a disability from June 11, 2018 through December 2, 2020, the date of the decision. AR 32.

## Analysis

Plaintiff's first complaint is that the ALJ erred because, though the RFC limits Plaintiff to simple *tasks,* AR 22, it contains no limitations to simple *instructions* despite medical opinions, which the ALJ found persuasive, stating such limitations. At step 4 and, alternatively, step five, the ALJ found that Plaintiff could perform past relevant work or other work in the economy requiring a reasoning level of 2. Plaintiff argues that level 2 reasoning is inconsistent with simple instructions, meaning the ALJ erred at steps 4 and 5 as her findings are not supported by substantial evidence. For the reasons set forth below, the Court agrees.

Reasoning level is defined in the Dictionary of Occupational Titles ("DOT") as one of three divisions in the General Educational Development ("GED") Scale. GED is also defined in the DOT:

> General Educational Development embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Ordinarily, such education is obtained in elementary school, high school, or college. However, it may be obtained from experience and self-study.
>
> The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development.

*Id.* App'x C, III. The GED reflects 6 levels each of Reasoning Development, Mathematical Development, and Language Development. *Id.*

Relevant to this appeal are the definitions of Reasoning Development Levels 1 and 2. Level 1 reasoning is defined as: "Apply commonsense understanding to carry out *simple one- or two-step instructions*. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job. *Id.* (emphasis added). Level 2 reasoning is defined as: "Apply commonsense understanding to carry out *detailed but uninvolved written or oral instructions*. Deal with problems involving a few concrete variables in or from standardized situations." *Id.* (emphasis added).

At step 4, the ALJ found that Plaintiff was capable of performing his past relevant as a cook helper, as that job is generally performed.[4] The DOT listing for this position requires level 2 reasoning. DOT 317.687-010. In the alternative, at step 5, the ALJ found that Plaintiff was capable of performing the jobs of hospital cleaner, kitchen helper, and industrial cleaner. Each of these positions also requires level 2 reasoning. DOT 323.687-010; 318.687-010; 381.687-018.

Plaintiff argues that the ALJ's RFC finding does not place any limitations on Plaintiff's ability to deal with simple *instructions*, as opposed to simple *tasks*, despite the fact the ALJ found the medical opinions stating such limitations persuasive. Dr. Malmstrom, the consultative psychological examiner, limited Plaintiff to simple instructions. AR 27. The ALJ found Dr. Malmstrom's opinion "largely persuasive." *Id.* Further, Dr. Naplin, the state agency psychologist, stated that plaintiff's ability to understand, remember, and carry out detailed instructions was moderately limited. AR

---

[4] The Court notes that the ALJ considered that the DOT listing for cook helper did not fully contemplate some aspects of Plaintiff's RFC, but the discussion involved distinctions between overhead reaching and other reaching. AR 31. The same is true of the ALJ's analysis of other jobs in the national economy. *See* AR 32. There was no discussion in the ALJ's opinion or in her questioning of the VE regarding a limitation to simple tasks. *See* AR 57–61.

103–04. She also opined that Plaintiff can perform work involving simple duties that can be learned on the job in a short period of time up to one month. AR 26. The ALJ found Dr. Naplin's medical opinion "generally persuasive." AR 26. Had the ALJ limited Plaintiff to jobs that involve only simple instructions, she arguably would not have found that Plaintiff could perform his past relevant work and other jobs in the national economy, which all require level 2 reasoning (*see* AR 31–32).

      The Commissioner argues that there is no distinction between simple tasks and simple instructions, and that a limitation to either—or both—is consistent with level 2 reasoning. The Commissioner argues that in *Hackett v. Barnhart,* 395 F.3d 1168, 1171, 1176 (10th Cir. 2005), the Tenth Circuit found that a limitation to "simple and routine work tasks" appeared consistent with GED reasoning level 2. Further, the Commissioner argues that in *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008), the Tenth Circuit rejected the argument that simple, routine, or repetitive tasks should be construed as a limitation to jobs rated with level 1 reasoning.

      The Commissioner overstates the holdings in *Hackett* and *Stokes.* Both cases addressed only limitations to simple tasks without discussion of simple instructions or how the two concepts compare. Moreover, in *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016), decided after *Hackett* and *Stokes*, the Tenth Circuit expressly recognized that it has "not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions . . . ." There, the ALJ found that the plaintiff was limited to jobs requiring only simple instructions, but also found that he could perform jobs requiring level 3 reasoning. The Tenth Circuit reversed, requiring the Commissioner to elicit a reasonable explanation as to how the

6

claimant could perform level 3 reasoning jobs with a limitation to simple instructions. *Id.* In so doing, the Tenth Circuit cited *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997), where the Eighth Circuit held that a limitation to simple instructions is inconsistent with both level 2 and level 3 reasoning.

This Court agrees with judges in this District who have found that there is a distinction between simple tasks and simple instructions, and that a limitation to simple instructions may be inconsistent with jobs requiring level 2 reasoning. *See e.g.*, *Gallegos v. Colvin*, No. 12-cv-02978-REB, 2014 WL 884795, at *5 (D. Colo. Mar. 6, 2014) ("Although the Commissioner argues that there is no meaningful distinction between [simple tasks and simple instructions], the court is not so sanguine, especially as there is nothing in the record to support a conclusion that the ALJ made this same equation."); *Monaghan v. Astrue*, No. 07–cv–02655–WYD, 2009 WL 1973513, at *12 (D. Colo. July 8, 2009) (reversing ALJ's decision that the claimant could perform occupations with GED reasoning levels of 3 because "R1 is the only Reasoning Level in the GED scale that uses the term 'simple.' A person such as Plaintiff whose mental RFC is limited to 'simple' work would thus arguably lack the mental RFC for jobs at or above R2.") (internal citations omitted).[5] The Court therefore finds that the ALJ's finding at steps 4 and 5 were not supported by substantial evidence, particularly given Plaintiff's borderline intellectual functioning.[6]

---

[5] Further, regardless of whether there is a distinction between simple tasks and simple instructions, courts are divided on whether a limitation to simple tasks or simple work is, by itself, consistent with level 2 reasoning. *Cf. Mattison v. Astrue*, 2009 WL 2591628, at *29 (E.D. Wis. 2009) (noting that courts are divided on whether a limitation to "simple, routine work" is consistent with level two reasoning).

[6] When evaluating the effect a claimant's mental impairment has on his ability to work during the step two analysis, an ALJ must follow a special technique that in part

Here, the ALJ agreed with two medical opinions that Plaintiff could follow only simple instructions. However, she did not incorporate that finding into her RFC and thus did not question the vocational expert ("VE") regarding such a limitation. *See* AR 57-61 (Transcript of VE Testimony). "By failing to accurately describe, quantify, and assess these mental limitations, the ALJ's findings at step 4 are suspect, and thus fail to sustain the Commissioner's burden of proof at step 5." *Gallegos*, 2014 WL 884795, at *5. The ALJ's decision must therefore be reversed and the matter remanded for further proceedings. The ALJ must reevaluate her determination at steps 4 and 5 of the sequential evaluation, ensuring that any hypothetical propounded to the VE includes all of Plaintiff's mental impairments. *See Banks v. Astrue*, No. 09-CV-01438-WYD, 2010 WL 3894040, at *9 (D. Colo. Sept. 29, 2010) ("Since the VE opined that Plaintiff could perform jobs that require level two or three reasoning, this may conflict with the DOT and/or Plaintiff's RFC. This needs to be reassessed on remand with the input of the vocational expert.") (citations omitted). Alternatively, if the ALJ finds that Plaintiff can perform tasks that involve more than simple instructions, she must explain what in the records supports her findings.

---

requires the ALJ to determine whether the mental impairment is "severe" or "not severe." 20 C.F.R. §§ 404.1520a(d), 416.920a(d). An impairment found to be severe, but not equaling an impairment in the Listing, as is this case here, must still be accounted for in the ALJ's RFC analysis. SSR 96–8p, 1996 WL 374184, at *1 ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."); *see also Lucy,* 113 F.3d at 909 ("While borderline intellectual functioning may not rise to the level of a disability by itself, a claimant is nevertheless entitled to have a vocational expert consider this condition along with his other impairments to determine how it impacts upon the claimant's residual functional capacity.") (internal citations omitted).

The Court declines to address the other arguments raised in Plaintiff's briefing, as "they may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.[7] However, on remand, the ALJ is directed to consider other issues raised in Plaintiff's briefing and to modify the decision as appropriate.

## Conclusion

Based upon the error described above, it is hereby ORDERED that this case is REVERSED AND REMANDED for further proceedings consistent with this Order.

Dated this 30th day of August, 2022.

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge

---

[7] Plaintiff also argued that the ALJ did not properly account for restrictions in the medical opinions issued by Dr. Naplin. Further, he argued that that the ALJ improperly evaluated the medical opinions of Dr. Madsen and Dr. McCarty with respect Plaintiff's physical limitations. Finally, Plaintiff argues that the ALJ entirely failed to address the persuasives of Justina Kropp, Psy. D.